UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - x

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
|    - v. - : | |
| MAXIMILIANO DAVILA-PEREZ, : | **SEALED INDICTMENT** |
|    a/k/a "Macho," | |
| : | S9 19 Cr. 91 (DLC) |
| Defendant. : | |

- - - - - - - - - - - - - - - - x

### COUNT ONE

The Grand Jury charges:

1. From at least in or about July 2019, up to and including September 2020, in Bolivia, Peru, and elsewhere, and in an offense begun and committed out of the jurisdiction of any particular State or district, MAXIMILIANO DAVILA-PEREZ, a/k/a "Macho," the defendant, and others known and unknown, at least one of whom is expected to be first brought to and arrested in the Southern District of New York, intentionally and knowingly combined, conspired, confederated, and agreed together and with each other to violate the narcotics laws of the United States.

2. It was a part and an object of the conspiracy that MAXIMILIANO DAVILA-PEREZ, a/k/a "Macho," the defendant, and others known and unknown, would and did knowingly and intentionally import into the United States and into the customs territory of the United States from a place outside thereof a

controlled substance, in violation of Title 21, United States Code, Sections 952(a) and 960(a)(1).

3.   It was further a part and an object of the conspiracy that MAXIMILIANO DAVILA-PEREZ, a/k/a "Macho," the defendant, and others known and unknown, would and did manufacture, possess with intent to distribute, and distribute a controlled substance, intending, knowing, and having reasonable cause to believe that such substance would be unlawfully imported into the United States and into waters within a distance of 12 miles of the coast of the United States from a place outside thereof, in violation of Title 21, United States Code, Sections 959(a) and 960(a)(3).

4.   The controlled substance that MAXIMILIANO DAVILA-PEREZ, a/k/a "Macho," the defendant, and others known and unknown, conspired to (a) import into the United States and into the customs territory of the United States from a place outside thereof, and (b) manufacture, possess with intent to distribute, and distribute, intending, knowing, and having reasonable cause to believe that such substance would be unlawfully imported into the United States and into waters within a distance of 12 miles of the coast of the United States from a place outside thereof, was five kilograms and more of mixtures and substances containing a detectable amount of cocaine, in violation of Title 21, United States Code, Section 960(b)(1)(B)(ii).

(Title 21, United States Code, Section 963; Title 18, United States Code, Section 3238.)

## COUNT TWO

The Grand Jury further charges:

5. From at least in or about July 2019, up to and including September 2020, in Bolivia, Peru, and elsewhere, and in an offense begun and committed out of the jurisdiction of any particular State or district, MAXIMILIANO DAVILA-PEREZ, a/k/a "Macho," the defendant, and others known and unknown, at least one of whom is expected to be first brought to and arrested in the Southern District of New York, intentionally and knowingly did combine, conspire, confederate and agree together and with each other to violate Title 18, United States Code, Section 924(c).

6. It was a part and an object of the conspiracy that MAXIMILIANO DAVILA-PEREZ, a/k/a "Macho," the defendant, and others known and unknown, during and in relation to a drug-trafficking crime for which they may be prosecuted in a court of the United States, to wit, the offense alleged in Count One of this Indictment, would and did use and carry machineguns and destructive devices, and, in furtherance of such drug-trafficking crime, possess machineguns and destructive devices,

in violation of Title 18, United States Code, Sections 924(c)(i)(A) & (B)(ii).

(Title 18, United States Code, Sections 924(o) and 3238.)

### FORFEITURE ALLEGATIONS

7.   As a result of committing the controlled substance offense alleged in Count One of this Indictment, MAXIMILIANO DAVILA-PEREZ, a/k/a "Macho," the defendant, shall forfeit to the United States, pursuant to Title 21, United States Code, Sections 853 and 970, any and all property constituting or derived from any proceeds obtained directly or indirectly as a result of said offense and any and all property used or intended to be used in any manner or part to commit or to facilitate the commission of said offense that the defendant personally obtained.

8.   As a result of committing the firearms offense charged in Count Two of this Indictment, MAXIMILIANO DAVILA-PEREZ, a/k/a "Macho," the defendant, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 924(d), all firearms and ammunition involved in and used in the commission of the offense charged in Count Two of this Indictment.

Substitute Assets Provision

9. If any of the property described above as being subject to forfeiture, as a result of any act or omission of the defendant:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third person;

    c. has been placed beyond the jurisdiction of the Court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be subdivided without difficulty;

it is the intention of the United States, pursuant to Title 21, United States Code, Sections 853(p) and 970, to seek forfeiture of any other property of the defendant up to the value of the above forfeitable property.

(Title 21, United States Code, Sections 853 and 970 and Title 28, United States Code, Section 2461.)

_____  
FOREPERSON

_____  
AUDREY STRAUSS  
Acting United States Attorney

5

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

- v. -

MAXIMILIANO DAVILA-PEREZ,
a/k/a "Macho,"

Defendant.

SEALED INDICTMENT

S9 19 Cr. 91 (DLC)

(21 U.S.C. §§ 959, 960, and 963; and
18 U.S.C. §§ 924, 2, and 3238.)

AUDREY STRAUSS
Acting United States Attorney.

A TRUE BILL

_Tracy Mitchell_
Foreperson.