UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - X
                                               :

UNITED STATES OF AMERICA       :
                                               :    **STIPULATED**
      - v. -                      :    **PROTECTIVE ORDER**
                                               :
MAXIMILIANO DAVILA-PEREZ,     :    S9 19 Cr. 91 (DLC)
                                               :
                   Defendant.  :
                                               :
- - - - - - - - - - - - - - - - - - - - X

DENISE L. COTE, District Judge:

       WHEREAS counsel for the the above-referenced defendant (the "Defendant") has sought from the Government access to certain recordings, electronic communications, and data and other materials that disclose, among other things, the identities of individuals who acted at the direction of law enforcement in connection with the underlying investigation (the "Protected Materials"), which are discoverable pursuant to Rule 16 of the Federal Rules of Criminal Procedure ("Rule 16");

       WHEREAS the Government desires to protect the identities of the participants in the communications reflected in the Protected Materials;

WHEREAS the Protected Materials, if disseminated to third parties or outside the United States, could, among other things, implicate the safety of others and impede ongoing investigations; and

WHEREAS, in the interest of expediting the discovery process, the Defendant, by his undersigned attorney, consents to the entry of this protective order; and for good cause shown;

NOW, THEREFORE, IT IS HEREBY ORDERED:

1. The Protected Materials shall be used by the Defendant, his counsel, and his counsel's agents only for purposes of defending the charges, in connection with sentencing, and pursuing any appeals, in this criminal action. To the extent the Protected Materials are shown to additional persons consistent with the terms set forth below, those additional persons may only use the Protected Materials in connection with this criminal action.

2. Certain of the Protected Materials may also be produced to defense counsel on an Attorney's Eyes Only basis. Protected Materials produced by the Government to defense counsel that is either (1) designated in whole or in part as "Attorney's Eyes Only" by the Government in emails or communications to defense counsel, or (2) that includes a Bates or other label stating "Attorney's Eyes Only" or "AEO" shall be

deemed "AEO Material."

3. The Government will mark all items subject to this protective order in a manner indicating their protected status.

4. The Protected Materials and the information and identities contained or disclosed therein:

(a) Shall be used by the Defendant and his counsel only for purposes of this action;

(b) Shall not be transmitted, disseminated, or possessed outside the territorial United States;

(c) Shall not be disclosed in any form by the Defendant or his counsel except as set forth in paragraph 3(d) below;

(d) May be disclosed only by the Defendant's counsel and only to the following persons (hereinafter "Designated Persons"):

> (i) investigative, secretarial, clerical, paralegal and student personnel employed full-time or part-time by the defendant's attorney;
>
> (ii) independent expert witnesses, investigators or advisors retained by the defendant in connection with this

action; or

    (iii) upon a motion by the defendant pursuant to paragraph 5 below, to show (but not provide copies of) Protected Materials to such other persons as hereafter may be authorized by the Court; and

(e) Shall be returned to the Government following the conclusion of this case.

5. AEO Material received by defense counsel shall be maintained on an attorney's eyes only basis, and defense counsel shall not provide any AEO Material to any other persons, including the defendant, except for any personnel for whose conduct defense counsel is responsible.

6. The Defendant and his counsel shall provide a copy of this protective order to Designated Persons to whom the Protected Materials are disclosed pursuant to paragraph 4(d)(i), (ii) and (iii). Designated Persons shall be subject to the terms of this protective order.

7. The Government's designation of material will be controlling absent contrary order of the Court. The parties shall meet and confer regarding any dispute over such designations, after which the defense may seek de-designation by the Court. The Government may authorize, in writing, disclosure

of material beyond that otherwise permitted by this Order without further Order of this Court. Defense counsel may also, on notice to the Government, seek authorization of the Court to show (but not provide copies of) certain specified discovery materials to persons whose access to discovery materials is otherwise prohibited by the preceding paragraphs, if it is determined by the Court that such access is necessary for the purpose of preparing the defense of the case.

8. The provisions of this order shall not be construed as preventing the disclosure of any information in any motion, hearing, trial, sentencing, or appeal proceeding held in this action or to any judge or magistrate of this Court for purposes of this action.

AGREED AND CONSENTED TO:

_____         January 3, 2025
Michael Bloch, Esq.                      Date
Attorney for Defendant
MAXIMILIANO DAVILA-PEREZ


SO ORDERED:

_____         January 7, 2025
HONORABLE DENISE L. COTE                 Date
United States District Judge
Southern District of New York

5