UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X
                              :
UNITED STATES OF AMERICA       :
                              :       19cr91-7 (DLC)
         -v-                :
                              :       OPINION AND ORDER
MAXIMILIANO DAVILA-PEREZ,      :
                              :
                  Defendant.   :
                              :
----------------------------------------X

APPEARANCES:

For the Government:
Matthew J. C. Hellman
David J. Robles
Chelsea L. Scism
U.S. Attorney's Office, SDNY
One St. Andrew's Plaza
New York, NY 10017

For the defendant:
Camille M. Abate
333 Park Avenue South, Suite 3A
New York, New York 10010

DENISE COTE, District Judge:

      Defendant Maximiliano Davila-Perez, the former Director of
Bolivia's chief anti-narcotics law enforcement agency, FELCN,
has been indicted for conspiring to import cocaine into the
United States and to possess machineguns in furtherance of that
crime. His trial is scheduled for October 14, 2025. The
defendant has moved to dismiss the Indictment. For the
following reasons, the motion is denied.

## Background

On September 22, 2020, the defendant and five others were indicted in a two-count superseding Indictment with conspiring to import cocaine into the United States, in violation of 21 U.S.C. § 963, and with conspiring to use and possess machineguns in connection with the importation conspiracy, in violation of 18 U.S.C. § 924(o).  The Indictment was sealed.  Separate sealed indictments against each of the defendants were also returned on the same day.

On March 8, 2021, the Government presented a provisional arrest request to the Government of Colombia for the six defendants.  Four of the six defendants were arrested in Colombia and were later extradited to the United States.  A fifth defendant was arrested in March 2021 as he attempted to travel to Colombia and was also extradited to the United States.  Each of these defendants has entered a plea of guilty.

The defendant did not travel to Colombia in March of 2021.  He was arrested, however, in Bolivia on January 21, 2022 in connection with a Bolivian criminal investigation.  On February 1, 2022, the Government presented a provisional arrest request to Bolivia, seeking the defendant's arrest and detention so that he could be extradited to the United States.  That same day, the Indictment charging the defendant was unsealed.  In January

2023, the Government sent a diplomatic note to Bolivia with a supplemental provisional arrest request.

On August 12, 2024, Bolivian authorities executed the U.S. provisional arrest request and began holding the defendant in custody in Bolivia pursuant to that request. Under the extradition treaty between the two countries, the United States had 60 days to submit an extradition request, which it did on October 1, 2024. On December 12, 2024, the defendant was extradited to the United States, specifically to the Southern District of New York.

On December 13, 2024, he was arraigned on the Indictment. A trial date was set for October 14, 2025. On May 30, 2025, the defendant's assigned counsel was replaced with his current counsel. Defense counsel filed the motion to dismiss the Indictment on August 7. The motion was fully submitted on August 15, with the filing of the defendant's reply memorandum.

## Discussion

The defendant makes two arguments for dismissal of the Indictment.[1] He asserts that the Government has violated his constitutional right to a speedy trial under the Sixth Amendment to the U.S. Constitution and that the Indictment's charges must

---

[1] The defendant's third argument, arising from the deletion of WhatsApp messages by cooperating sources, was abandoned in the defendant's reply brief.

be dismissed because they do not apply to conduct outside the territorial jurisdiction of the United States.  Neither argument succeeds.

I.  Speedy Trial

The defendant asserts that the Government has violated his constitutional right to a speedy trial.  The Sixth Amendment provides that defendant "shall enjoy the right to a speedy" trial.  U.S. Const. Amend. VI.  Four factors must be evaluated in considering whether that right has been violated.  They are the length of the delay, the reason for the delay, the defendant's assertion of the right, and any prejudice the defendant has suffered.  United States v. Moreno, 789 F.3d 72, 78 (2d Cir. 2015).

The length of the delay here is roughly three years.  It is measured from February 2022, when the Indictment was unsealed, to December 2024, when the defendant was extradited.  The defendant does not complain of any delay in his prosecution since his arrival in the United States.

The reason for almost all the delay was Bolivia's detention of the defendant during its own investigation of his activities. The defendant has not shown that the Government failed to act with reasonable diligence.  The Government provided Bolivia with a provisional arrest request the same day that the Indictment was unsealed.  It was not until August 12, 2024 that Bolivia

4

advised the Government that it had enforced that arrest request
and was holding the defendant pursuant to that request.  The
Government provided Bolivia with a request for extradition
within the 60 days allowed by the extradition treaty and Bolivia
extradited the defendant less than three months after it
received that request.  Accordingly, the reason for the delay
does not weigh against the Government.

The defendant has failed to point to any prejudice from the
delay.  Because three of the relevant four factors do not
support a finding that the Government has violated the
defendant's Sixth Amendment rights, it is unnecessary to
consider whether the defendant unreasonably delayed in raising
this issue.

The defendant argues that the Government violated his Sixth
Amendment right to a speedy trial because it did not make its
extradition request until October 1, 2024, despite knowing where
the defendant was since January 23, 2022.  But, until Bolivia
was willing to act on the provisional request for an arrest
warrant, there was no reason to believe that any extradition
request would succeed.  The Government promptly supplied the
extradition request when Bolivia was prepared to consider and
act upon it.

Finally, the defendant contends that he has been prejudiced
because he could not take even preliminary steps to prepare his

defense until he was assigned American counsel to represent him and his memory of events "might well" have evaporated over time.[2] Such generalized assertions are not sufficient for the defendant to identify "specific prejudice to his defense," as it is his burden to do.  United States v. Cabral, 979 F.3d 150, 165 (2d Cir. 2020) (citation omitted).  The Government's chief evidence against the defendant is the tape recordings of his meetings and conversations.  The defendant has not identified any impediment to his defense against this evidence due to the passage of time.

II.  Extraterritoriality

The defendant next moves to dismiss the Indictment on the ground that he is charged with violations of American criminal law despite the fact that he acted abroad.  The defendant contends that three statutes charged in the Indictment -- 21 U.S.C. §§ 952(a) and 960(a)(1), and 18 U.S.C. § 924(c) -- do not apply to conduct that occurs outside the United States.  This argument fails.

The defendant's argument ignores the fact that the crimes with which he is charged in the Indictment apply to extraterritorial conduct.  The Indictment contains two counts;

---

[2] The defendant's moving brief did not identify any prejudice to the defendant from the delay and therefore the Government has not had an opportunity to respond to the prejudice to which the defendant refers in his reply.  It is unnecessary, however, to seek a sur-reply from the Government.

both are both conspiracy charges.  Count One charges the
defendant and his co-conspirators with a violation of 21 U.S.C.
§ 963.  Count Two charges them with a violation of 18 U.S.C.
§ 924(o).[3]  The Indictment charges that the conspirators' scheme
was to unlawfully import cocaine into the United States and to
use machineguns in furtherance of that criminal scheme.

21 U.S.C. § 963 provides for penalties for any person who
conspires to commit an offense defined in its subchapter.  Count
One charges that the objects of the conspiracy were violations
of 21 U.S.C. §§ 952(a), 960(a)(1), 959(a), 960(a)(3), and
960(b)(1)(B)(ii).  Section 952 makes it unlawful to import
controlled substances into the United States; § 960 describes
the penalties that apply, including for §§ 952 and 959; and
§ 959 makes it unlawful to manufacture or distribute controlled
substances intending that they be unlawfully imported into the
United States.  It has long been established that § 963 may be
applied extraterritorially.  See, e.g., United States v. Cohen,
427 F.3d 164, 168-69 (2d Cir. 2005).

18 U.S.C. § 924(o) provides penalties for a person who
conspires to commit an offense under subsection (c).  Count Two

---

[3] Both counts also charge a violation of 18 U.S.C. § 3238, which
allows trial for offenses committed out of the jurisdiction of
any particular district to be tried in the district to which the
defendant is first brought.  Here, that district is the Southern
District of New York.

charges that the object of the conspiracy was to violate 18
U.S.C. §§ 924(c), 924(c)(i)(A),[4] and 924(c)(B)(ii).  Section
924(c) is the penalty provision for use and possession of a
firearm during and in relation to drug trafficking.  It includes
penalties for possession of a machinegun in § 924(c)(B)(ii).  It
is well established that § 924(c) applies extraterritorially.
See, e.g., United States v. Siddiqui, 699 F.3d 690, 701 (2d Cir.
2012).

    In his reply, the defendant admits that "numerous" cases
have held that the conspiracy charges in these two counts can
have extraterritorial application.  He explains that he is
arguing only that the objects of the conspiracies -- which he
identifies as 21 U.S.C. §§ 952 and 960(a)(1) and 18 U.S.C. §
924(c) -- cannot have extraterritorial application.  This
argument can be swiftly rejected.  Indeed, 21 U.S.C. § 952
addresses unlawful importation of controlled substances and §
960(a)(1) describes the penalties for that crime.

## Conclusion

    The defendant's August 7, 2025 motion to dismiss the

---

[4] The reference in the Indictment to § 924(c)(i)(A) may be
intended to be a reference to § 924(c)(1)(A).

Indictment is denied.

Dated:      New York, New York
            August 22, 2025

                                    _____
                                         DENISE COTE
                                  United States District Judge