```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------X
                                         :
 UNITED STATES OF AMERICA                :
                                         :    19cr91-7 (DLC)
            -v-                          :
                                         :    OPINION AND ORDER
 MAXIMILIANO DAVILA-PEREZ,               :
                                         :
                      Defendant.         :
                                         :
-----------------------------------------X
```

APPEARANCES:

For the Government:
Matthew J.C. Hellman
David J. Robles
Chelsea L. Scism
U.S. Attorney's Office, SDNY
26 Federal Plaza
New York, NY 10278

For the defendant:
Camille M. Abate
333 Park Avenue South, Suite 3A
New York, New York 10010

DENISE COTE, District Judge:

    The defendant has been charged in a two-count indictment with conspiring to import cocaine into the United States and to possess machineguns in furtherance of that crime. The Government filed motions in limine on September 15, 2025, and the defendant filed motions in limine on September 17. Trial is scheduled to commence on October 14.

    To assist in the resolution of the issues to be addressed at the final pretrial conference of October 3, this Opinion sets

out some of the well-established legal principles that will be incorporated into the rulings at the conference. They are the evidentiary standards under Rules 401, 403, 404(b), 801(d)(2)(A), and 801(d)(2)(E) of the Federal Rules of Evidence.

## Rule 401

Evidence is relevant if it has any tendency to make a fact of consequence in determining the action "more or less probable than it would be without the evidence." Fed. R. Evid. 401. "To be relevant, evidence need not be sufficient by itself to prove a fact in issue, much less prove it beyond a reasonable doubt." United States v. Gramins, 939 F.3d 429, 450 (2d Cir. 2019) (citation omitted). The Rule 401 standard is "low" and "easily satisfied." Id. "Unless an exception applies, all relevant evidence is admissible." Id. (citation omitted).

## Rule 403

Under Rule 403, courts may exclude relevant evidence "if its probative value is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. The term "unfair prejudice" refers "to the capacity of some concededly relevant evidence to lure the factfinder into declaring guilt on a ground different from proof specific to the offense charged." United

States v. Massino, 546 F.3d 123, 132-33 (2d Cir. 2008) (citation omitted).  The question of whether evidence is unduly prejudicial to a criminal defendant

> is not whether the evidence [is] suggestive of guilt -- as all relevant evidence offered against the defendant would suggest guilt -- but rather, whether it tends to have some adverse effect upon a defendant beyond tending to prove the fact or issue that justified its admission into evidence.  This adverse effect may consist of a tendency of the evidence in question to prove some adverse fact not properly in issue or unfairly excite emotions against the defendant.

Id. (citation omitted).

### **Rule 404(b)**

Under Rule 404(b), "evidence of any other crime, wrong, or act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character."  Fed. R. Evid. 404(b)(1).  Such evidence, however, "may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident."  Fed. R. Evid. 404(b)(2).

The Second Circuit "takes an 'inclusionary' approach to Rule 404(b), under which all 'other act' evidence that does not serve the sole purpose of showing the defendant's bad character is admissible."  United States v. Kelly, 128 F.4th 387, 425 (2d

Cir. 2025). In determining whether Rule 404(b) evidence was properly admitted, the Second Circuit considers whether

> (1) it was offered for a proper purpose; (2) it was relevant to a material issue in dispute; (3) its probative value is substantially outweighed by its prejudicial effect; and (4) the trial court gave an appropriate limiting instruction to the jury if so requested by the defendant.

Id. (citation omitted). "Even if evidence is admissible under Rule 404(b), it must still pass the balancing test set forth in Rule 403." Id.

Evidence of relevant, uncharged criminal conduct, however, may be admissible without regard to Rule 404(b). Rule 404(b) "does not require that the government limit its case strictly to evidence of the specific criminal conduct by which the defendant commits the charged crime." United States v. Zhong, 26 F.4th 536, 551 (2d Cir. 2022). Rather,

> evidence of uncharged criminal conduct is not evidence of 'other crimes, wrongs, or acts' under Rule 404(b) if that conduct arose out of the same transaction or series of transactions as the charged offense, if it is inextricably intertwined with the evidence regarding the charged offense, or if it is necessary to complete the story of the crime on trial.

Id. (citation omitted).

### **Rule 801(d)(2)(A)**

Under Rule 801(d)(2)(A), a statement is not hearsay if it is offered against an opposing party and "was made by the party in an individual or representative capacity." Fed. R. Evid.

4

801(d)(2)(A). "Statements made by the defendant may be introduced by the government in a criminal trial to prove the truth of the facts stated in them because they are admissions of an adverse party." United States v. Russo, 302 F.3d 37, 43 (2d Cir. 2002).

### Rule 801(d)(2)(E)

Rule 801(d)(2)(E) provides that a statement is not hearsay if it is offered against an opposing party and "was made by the party's co-conspirator during and in furtherance of the conspiracy." Fed. R. Evid. 801(d)(2)(E). Statements are admissible under Rule 801(d)(2)(E) only if a court finds by a preponderance of the evidence "[1] that a conspiracy existed, [2] that the defendant and declarant were members, and [3] that the statements were made during the course of and in furtherance of the conspiracy." United States v. Wedd, 993 F.3d 104, 117 (2d Cir. 2021) (citation omitted).

A "co-conspirator statement is admissible if it was made pursuant to any conspiracy, whether charged or uncharged." Id. at 117 n.6. Moreover, statements made in the course of an existing conspiracy in which the defendant later joins "may be admitted against him, even though he was not a member of the conspiracy at the time the statements were made." United States v. Farhane, 634 F.3d 127, 161 n.35 (2d Cir. 2011) (citation

omitted). In addition, while Rule 801(d)(2)(E) "requires that both the declarant and the party against whom the statement is offered be members of the conspiracy, there is no requirement that the person to whom the statement is made also be a member." United States v. Beech-Nut Nutrition Corp., 871 F.2d 1181, 1199 (2d Cir. 1989) (citation omitted).

"In determining the existence and membership" of an alleged conspiracy, "the court must consider the circumstances surrounding the statement, as well as the contents of the alleged coconspirator's statement itself." United States v. Gupta, 747 F.3d 111, 123 (2d Cir. 2014). "[U]nder well-settled principles of conspiracy law, there is no requirement that each member of a conspiracy conspire directly with every other member of it, or be aware of all acts committed in furtherance of the conspiracy, or even know every other member." Freeman v. HSBC Holdings PLC, 57 F.4th 66, 78 (2d Cir. 2023) (citation omitted). "Absent withdrawal, a conspirator's participation in a conspiracy is presumed to continue until the last overt act by any of the conspirators." United States v. Lebedev, 932 F.3d 40, 51 (2d Cir. 2019) (citation omitted), abrogated on other grounds by Ciminelli v. United States, 598 U.S. 306 (2023).

To be "in furtherance of the conspiracy," a statement "must in some way have been designed to promote or facilitate achievement of the goals of the ongoing conspiracy." United

States v. James, 712 F.3d 79, 106 (2d Cir. 2013) (citation omitted). A statement is not in furtherance of the conspiracy if it consists of "a merely narrative description by one co-conspirator of the acts of another" or "idle chatter between co-conspirators." Gupta, 747 F.3d at 123-24 (citation omitted). Statements between conspirators that "provide reassurance, serve to maintain trust and cohesiveness among them, or inform each other of the current status of the conspiracy, further the ends of a conspiracy." Id. at 124 (citation omitted).

Dated:  New York, New York
        October 2, 2025

                                    _____
                                            DENISE COTE
                                    United States District Judge